IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-209-RAW |
| | ) |
| REX ALLEN HAYES, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter came on for pretrial conference on June 23, 2022[1]. This order memorializes the court's rulings, for the reasons stated at the hearing. Additionally, rulings are made which were not explicitly made at the hearing.

The defendant filed several motions in one document (#47). Motion (I) asked to sever the trials of the two counts pursuant to Rule 14(a) F.R.Cr.P. The motion was denied. Motion (II) sought to suppress the identification of defendant by Trooper Walbridge. The motion was granted as to any out-of-court identification, but denied as to in-court identification[2]. Motion (III) sought dismissal of the indictment on the grounds that the grand jury did not represent a fair cross-section of the community. The motion was denied at this time for lack of factual basis, but defendant was granted limited access to certain records. *See* 28 U.S.C. §1867(f).

---

[1]Defendant was not present for the hearing. The court ruled, based on the record made, that defendant had voluntarily waived his right to appear. The court also relied on Rule 43(b)(3) of the Federal Rules of Criminal Procedure.

[2]Defendant also objected to in-court identification on the ground that such identification would be "tainted" by previous identifications. Any question of "taint" goes to the weight and credibility, and is for the jury after cross-examination, assuming Walbridge can identify the defendant.

Motion (IV) was withdrawn by the defendant, as was Motion (V). Motion (VI) involved Rule 404(b) F.R.Evid. and will addressed below. Motion (VII), seeking an order that any law enforcement officer appear before the jury in plain clothes, was denied.

Defendant filed a second set of motions in one document (#69). Motion (A) sought dismissal because of failure to produce *Brady* material in a timely manner[3]. The motion was denied. As long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process is satisfied. *See United States v. Battles,* 745 F.3d 436, 446 (10th Cir.2014). While not ideal, the court is persuaded that the continuances previously granted in this case have sufficiently cured any violation so as to not require dismissal.

Motion (B), to preclude law enforcement witnesses from identifying defendant as the driver, is denied. Identification is an issue for the jury. *See Tenth Circuit Pattern Jury Instructions (Criminal),* No. 1.29 (2021). Motion (C), to preclude expert testimony regarding the nature of the car accident, is denied.

Motion (D), to dismiss the indictment because of destruction of evidence, is denied. The undersigned incorporates by reference the recent order by Judge Heil addressing a similar motion. Regarding evidence not in the government's position, *Brady* does not apply. "For each piece of evidence, the Court must first determine whether its exculpatory significance was "apparent" or only "potential." If apparent, the Court will apply [*California v. Trombetta,*

---

[3]This court complied with Rule 5(f) F.R.Cr.P. *See* docket #24.

467 U.S. 479 (1984)] and determine whether the Defendant could obtain comparable evidence by other means. If potential, the Court will apply [*Arizona v. Youngblood,* 488 U.S. 51 (1988)] and determine whether the Defendant has demonstrated bad faith by the Government." *United States v. Holt,* 2022 WL 2118369, *12 (21-CR-205-JFH)(June 13, 2022)(docket no.128)(E.D.Okla.2022). Here, defendant has not demonstrated the exculpatory significance was other than "potential." He also has not demonstrated bad faith on the government's part, which it is his burden to do. *Id.* Moreover, any destruction here was by a third party, not the federal prosecution.

Motion (E), to dismiss the indictment because of outrageous government conduct, is denied. Defendant has not shown that "the challenged conduct violated notions of fundamental fairness and is shocking to the universal sense of justice." *United States v. Doe,* 698 F.3d 1284, 1293 (10th Cir.2012).

Motion (F), to dismiss the indictment based upon violation of the Speedy Trial Act, is denied. The case has previously been continued at the defendant's request. Also, pending motions generally toll the Speedy Trial clock. *See* 18 U.S.C. §3161(h)(1)(D).

Finally, defendant has filed a motion in limine (#75) to preclude Rule 404(b) evidence, after the government had filed notice thereof (#66). The government seeks to introduce (1) a 2008 conviction of defendant for driving while intoxicated, first-degree assault, and second-degree battery. The charges arose out of an automobile accident remarkably similar to the one which is the subject of this litigation. The defendant's objection was sustained.

The government also seeks to introduce (2) evidence that on August 8, 2020, (the day before the accident involved in the indictment), defendant was stopped and cited for speeding, no liability insurance, and driving with a suspended license. The defendant's objection was overruled.

It is the order of the court that the rulings described above shall govern this case, subject of course to reconsideration based on the evidence presented.

**ORDERED THIS 24th DAY OF JUNE, 2022.**

*(signature: Ronald A. White)*

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**